Floyd ORRELL and Thurman ABERNATHY
*v.* CITY OF HOT SPRINGS et al

78-293                                                    578 S.W. 2d 18

Opinion delivered March 12, 1979
(Division I)

*Gary R. Gibbs* of *Gibbs & Henry,* for appellants.

*Curtis L. Ridgway, Jr.,* for appellees.

GEORGE ROSE SMITH, Justice. The two appellants were sergeants on the Hot Springs police force when they brought this action for a writ of mandamus to compel the city and its Board of Civil Service Commissioners to promote them to the rank of lieutenant and to award them increased pay from the date they passed a civil service examination and became eligible for promotion. The issue of promotion immediately became moot, because the plaintiffs were promoted to lieutenant on the day after the suit was filed. This appeal is from a judgment denying the claim for back pay, amounting to $913.87 for Abernathy and to $808.93 for Orrell.

It was stipulated that the plaintiffs became eligible for promotion when the results of the examination were posted on August 26, 1975, that three vacancies in the rank of lieutenant then existed, and that the plaintiffs were not promoted until August 26, 1976. No testimony was introduced. The trial judge, sitting without a jury, gave the following reasons for his decision, with which we agree:

> An eligibility list does nothing more than to establish the eligibility of officers available for promotion and a priority to be given them when the promotions are made. Despite any language in the statutes, ordinances, and civil service regulations, the Civil Service Commission has management responsibilities for the police department and has discretion as to when vacancies are to be filled from the eligibility list. If the Civil Service Commission determines that it will fill existing vacancies, the Civil Service Commission must accept those at the top of the eligibility list unless those are disqualified for reasons permissible under the law. These two officers did not assume the responsibilities of lieutenant until they were appointed on August 20, 1976.

As far as the record is concerned, nothing prevented these officers from pursuing their administrative remedy before the Civil Service Commission on August 26, 1975, and to appeal to this court if the Civil Service Commission declined to advance them without good cause when they were eligible to fill existing vacancies. The record does not disclose that the plaintiffs pursued any administrative remedy.

Since the plaintiffs did not serve in the rank of lieutenant nor fill the existing vacancies prior to August 20, 1976, this Court concludes that they are not entitled to back pay for services not rendered.

Counsel for the appellants concede their inability to cite any authority for their contention that, regardless of the date of actual promotion, the right to increased pay accrues as soon as the results of the examination are posted, if vacancies then exist. The statute plainly rebuts the notion that promotion is automatic, for the appointing authority makes the selection from among the three persons standing highest on the eligibility list. Ark. Stat. Ann. § 19-1603 (6) (Repl. 1968). Moreover, the eligibility list remains in force for one year, which also indicates that promotions need not be made at once. § 19-1603 (4).

Counsel rely, however, upon the following provision, which is said to be a part of the Hot Springs civil service regulations, approved by the city council:

In the event a vacancy occurs in any rank regardless of the reason of the existence said vacancy occurs, to fill such vacancy immediately, calling to active duty in the rank in which the vacancy has occurred the man highest on the eligible list for that rank.

There are two objections to this argument. First, the quoted section of the regulations was not introduced in evidence and appears in the record only in a trial brief. The courts do not take judicial notice of municipal ordinances. *Lowe* v. *Ivy,* 204 Ark. 623, 164 S.W. 2d 429 (1942).

Second, the quoted provision, actually an incomplete sentence, is submitted to us with no indication of its context in the regulations; we really have no idea to whom it applies or what it means. It rather clearly refers not to the matter of immediate promotions but to that of calling a person to active duty when some sort of vacancy occurs. We certainly cannot say that the provision, read in complete isolation from its context, demonstrates that the trial judge's opinion is wrong.

Affirmed.

We agree. HARRIS, C.J., and PURTLE, J.

BYRD, J., concurs in the result.