## Kenneth T. CROSS, Jr., v. Dale BRUCE, et al

84-154                                    681 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered December 17, 1984

*Givens & Buzbee,* by: *J. R. Buzbee,* for appellant.

*Jim Hamilton,* North Little Rock City Att'y, by: *Terry R. Ballard,* Asst. City Att'y, for appellees.

*Hilburn, Calhoon, Forster, Harper & Bruniski, Ltd.,* by: *John F. Forster, Jr.* and *Scott E. Daniel,* for Intervenor Randy Johnson.

DARRELL HICKMAN, Justice. Kenneth Cross, a sergeant with the North Little Rock Police Department, filed suit seeking promotion to the rank of lieutenant. Randy Johnson, who was promoted ahead of Cross, was a named defendant. The circuit court upheld the promotion and denied Cross any relief, finding that Johnson was at the top of a valid list at the time of the promotion. We affirm the court's decision for to do otherwise would mean a civil service promotion list would be valid for more than one year, a procedure contrary to statute. This is a case of first impression and to our knowledge there is no controlling case law. The facts are important.

The initial promotion list was certified January 21, 1982, with the first three officers eligible for promotion listed in the following order: Bob Scarborough, Don Gilbert and Cross. No promotions were made from this list. The

second list was issued December 9, 1982, listing the same officers in the same order. Scarborough was promoted to lieutenant on February 21, 1983, and Gilbert on September 14, 1983. This left Cross at the top of the list. But a third list was certified on December 8, 1983, and Cross was again third, behind officers Randy Johnson and Jerry Lamberson. It was from this list that Randy Johnson was promoted on January 10, 1984.

Cross' argument is essentially this: there can only be one list for promotion, the list must remain in effect for one year, and a new list is not valid until the old list has expired. Therefore, under his argument the first list made January 21, 1982, could not have been superseded until January 21, 1983; consequently, the second list, while issued on December 9, 1982, actually was effective from January 21, 1983, until January, 1984, making Cross at the top of the eligibility list at the time of Johnson's promotion. Simply stated, the issue is whether there can be more than one list in effect simultaneously.

The controlling statute, Ark. Stat. Ann. § 19-1603 4th (Repl. 1980), is part of a civil service system governing the police and fire departments in the state. That statute, which provides for eligibility lists for promotion, does not expressly dictate the result in this case. It merely states:

These rules shall provide: . . . .

4th. For the creation of eligible lists for each rank of employment in said departments in which shall be entered the names of the successful candidates in the order of their standing in the examination. No person shall be eligible for examination for advancement from a lower to a higher rank until he shall have served at least one (1) year in the lower rank except in the case of emergency, which emergency shall be decided by the Board of Commissioners. All lists for appointments or promotions as certified by the Board of Civil Service Commissioners shall be and remain in force and effect for the period of one (1) year from the date thereof and at the expiration of said period all right of priority

under said lists shall cease.

The statute in no way precludes the existence of more than one list. Cross concedes that no promotions were made while two lists were in existence. There are sound reasons why the department should not be limited to one list. Vacancies cannot be foretold with certainty and a valid list must be available at all times. The maintenance of more than one list insures that if the prior valid list is exhausted, then the second list can be used. If Cross' reasoning were adopted, then the December 9, 1982, list would not take effect until January 21, 1983, and would be in effect until January 21, 1984. That means that the December 9, 1982, list would have a life of more than one year, a result clearly not contemplated by the statute, which requires that lists expire after one year. The lists are based on examinations and the one year limitation makes sure that the list accurately reflects the officer's current qualification to be promoted. We hold that the maintenance of two eligibility lists is not improper and that each should expire one year after it is certified.

We emphasize that there is no evidence, or even a suggestion, that the city used the existence of more than one list or the vacancy to deprive Cross of the position. There is no evidence of manipulation which could conceivably be a vehicle for discrimination.

Affirmed.

PURTLE, DUDLEY and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. My understanding of the grammar and arithmetic is different from that of the majority in this case. I think Ark. Stat. Ann. § 19-1603 (4) (Repl. 1980) supplies the language and figures to settle this case in favor of the appellant. The statute is correctly quoted in the majority opinion and I point to where it states: "All lists for appointments or promotions as certified by the Board of Civil Service Commissioners shall be and remain in force and effect for the period of one (1) year from the date thereof and at the expiration of said period all right of

priority under said lists shall cease."

The first list here in question was certified on January 21, 1982. According to the plain words of the statute, that list expired on January 20, 1983. Appellant ranked third on that list. He was not promoted. On the second list appellant again ranked third. This second list should have become effective on January 21, 1983, and should have lasted through January 20, 1984. The two officers ranked above him on this list were promoted. A third list was certified by the Commission on December 8, 1983. Had this third list not been placed in effect until January 21, 1984, the second list would have governed the promotion on January 10, 1984, when another officer from a new list was promoted.

Although it may not be the case it looks like the authorities did not want appellant promoted to lieutenant. Had each list remained in force for one year as required by the statute appellant would have been promoted. As it stands now the Commission may terminate a list at will or have as many lists in effect at the same time as it desires. Such action would completely ignore the one year list requirement and allow the Commission to pick and choose at will.