The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, Arkansas 72342-2813
Dear Representative Cunningham:
This is in response to your request for an opinion on the following questions regarding the Civil Service Commission of the city of West Helena:
1. How often may the Civil Service Commission hold its examinations?
 2. If some persons pass and some fail an examination given at the same time, and the Civil Service Commission agrees to re-test those who failed, did the ones who pass secure their place on the eligibles list or must they wait the results of the re-testing of those who failed?
Initially, it must be noted that the answers to questions regarding civil service commissions may depend upon the statutory authority under which the civil service commission is organized. Chapter 49 of Title 14 of the Arkansas Code Annotated provides for civil service for any city that has attained a population of seventy-five thousand or over. Chapter 50 of Title 14 provides for civil service for any city of the first class having a population of twenty-thousand or more but less than seventy-five thousand. Finally, Chapter 51 of Title 14 addresses civil service for police and fire departments in cities of the first class. I assume that your questions refer to a civil service commission for police and fire departments as provided for in Chapter 51 of Title 14; however, the relevant provisions of each chapter regarding your civil service questions are comparable.
With regard to your first question, it is my opinion that the West Helena Civil Service Commission may hold its examinations as often as necessary as determined by the board of civil service commissioners. Arkansas Code Annotated § 14-51-301 (Supp. 1995) provides in part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 (3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this section.
(b) These rules shall provide for:
 (1)(A) The qualifications of each applicant for appointment to any position on the police or fire department; . . .
 (2) Open competitive examination to test the relative fitness of applicants for the positions;
 (3)(A) Public advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in the city and by posting of notice at the city hall at least ten (10) days before the date of the examinations.
 (B) The examinations may be held on the first Monday in April or the first Monday in October, or both, and more often, if necessary, under such rules and regulations as may be prescribed by the board; . . .
 (c) The commission shall adopt such rules not inconsistent with this chapter for necessary enforcement of this chapter, but shall not adopt any rule or rules which would authorize any interference with the day-to-day management or operation of a police or fire department.
(Emphasis supplied.) See also A.C.A. §§ 14-49-304 and 14-50-304
(1987).[1] Accordingly, it is my opinion that state law does not specify a maximum number of times that the civil service commission may hold its examinations. The West Helena Civil Service Commission may hold its examinations as often as necessary as determined by the board of civil service commissioners.
In response to your second question, it is my opinion that a definitive answer can be ascertained only by consulting the rules and regulations of the West Helena Civil Service Commission and reviewing the attendant facts of the case. State law, however, does provide some guidance in addressing this question. Arkansas Code Annotated § 14-51-301 provides in part:
(b) These rules shall provide for: . . .
 (4)(A)(i) The creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination. However, for ranks in each department where there may not be openings during an annual period, the board may establish rules to create the eligibles list on an as-needed basis. . . .
 (9)(A)(i) Establishing eligibility lists for promotion based upon open competitive examinations.
 (ii) The exams may include a rating of applicants based on results of written, oral, or practical examinations, length of service, efficiency ratings, and educational or vocational qualifications.
 (iii) Lists shall be created for each rank of service and promotions made from the lists as provided in this section. . . .
See also A.C.A. §§ 14-49-304 and 14-50-304.[2] Based upon your question, it appears that the candidates who "passed" the examination in question were "successful candidates." Accordingly, under A.C.A. §14-51-301(b)(4)(A)(i) it appears at first glance that their names must be entered on the "current eligibles" list in the order of their standing in the examination. It should, however, be noted that in interpreting A.S.A. § 19-1603, the predecessor of our current A.C.A. § 14-51-301, the Supreme Court has concluded that the maintenance of two eligibility lists is not improper. Cross v. Bruce, 284 Ark. 230, 681 S.W.2d 339 (1984). Further, simply passing the examination in question does not necessarily secure a specific place on the "eligibility lists for promotion." See
A.C.A. § 14-51-301(b)(9)(A)(i). In preparing the list discussed in A.C.A. § 14-51-301(b)(9)(A)(i), the civil service commission may consider results of written, oral, or practical examinations, as well as length of service, efficiency ratings, and educational or vocational qualifications. A.C.A. § 14-51-301(b)(9)(A)(ii); Bennett v. BlythevilleCivil Serv. Comm'n, 293 Ark. 136, 733 S.W.2d 414 (1987) (promotion need not be based solely on written examination). It is impossible to determine from your question whether the examination in question was simply one part of the competitive examinations considered by the West Helena Civil Service Commission. This office is generally not in a position to construe or interpret the provisions of a local civil service commission's rules and regulations. Construction of the commission's rules and regulations is a matter to be addressed by the city attorney, or other local counsel to whom the city usually looks for advice.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Arkansas Code Annotated § 14-49-304(b) provides in part:
 (3)(B) The examinations shall be held on the first Monday in April and the first Monday in October of each year and more often if necessary under the rules and regulations as may be prescribed by the board[.]
Similarly, A.C.A. § 14-50-304(b) provides in part:
 (3)(B) Examinations shall be held on the first Monday in April and the first Monday in October of each year, and more often if necessary, under rules and regulations, as may be prescribed by the commission[.]
[2] Arkansas Code Annotated § 14-49-304(b) provides in part:
 (4)(A) The creation of eligible lists for each position of employment in the city in which shall be entered the names of the successful applicants in the order of their standing in the examination. . . .
 (9)(A) Promotion, based upon open competitive examinations of efficiency, character, and conduct, lists shall be created for each rank of service, and promotions shall be made therefrom as provided in this chapter; . . .
Similarly, A.C.A. § 14-50-304(b) provides in part:
 (4)(A) The creation of eligibles lists for each position of employment in the city in which shall be entered the names of the successful applicants in the order of their standing in the examination. . . .
 (9)(A) Promotion based upon open competitive examinations of efficiency, character, and conduct; lists shall be created for each rank of service, and promotions shall be made therefrom as provided in this chapter; . . .