The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This official Attorney General opinion is rendered in response to various questions you have raised concerning promotions by city police and fire department civil service commissions. Your questions arise out of A.C.A. § 14-51-301, which states in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
* * *
(b) These rules shall provide for:
* * *
 (6) Certification to the department head of the three (3) standing highest on the eligibility list for appointment for that rank of service, and for the department head to select for appointment or promotion one (1) of the three (3) certified to him and notify the commission thereof. . . .
A.C.A. § 14-51-301.
You have asked:
 (1) Is a civil service commission required to give the department head at least three names to choose from? (That is, where the commission's local rules provide that an applicant may not advance in the promotional process if he or she does not pass the written exam, and only one person passes the written exam, is the commission required to certify one name?
 (2) If three names must be certified, what would be the proper process to be used in situations where there is only one eligible candidate: Throw out a test which yielded less than three names? Hold the list in abeyance until a second test can be held to provide more candidates? Create two lists which provide at least three candidates? Or some other method?
 (3) In the event two lists would be acceptable, could the chief choose from either list, or would he be required to exhaust list No. 1 prior to going to list No. 2?
 (4) Is the holding in Cross v. Bruce, 284 Ark. 230, 681 S.W.2d 339
(1984), allowing multiple lists for the same position and allowing the promoting authority to pick from any of the lists, still good law in light of the rewriting of the above-cited section in 1987 (Act 657 of 1987)?
 (5) In light of the way this section was rewritten in 1987, after Orrell v. Hot Springs, 265 Ark. 267, 578 S.W.2d 18 (1979), is a chief compelled to fill an existing vacancy for which the commission has tested upon certification of an eligibles list? If so, should the chief do so immediately upon receipt of an eligibles list or may he wait, or even not do so at all, i.e., may he let the list expire if there is no one on it he wants?
RESPONSE
Question 1 — Is a civil service commission required to give thedepartment head at least three names to choose from? (That is, where thecommission's local rules provide that an applicant may not advance in thepromotional process if he or she does not pass the written exam, and onlyone person passes the written exam, is the commission required to certifyone name?)
It is my opinion that the provisions of A.C.A. § 14-51-301 do no more than to require that three names be certified in situations where three or more applicants are eligible for the available position under the commission's local rules and regulations for eligibility. These provisions simply do not address the situation in which only one person is eligible, nor has the Arkansas Supreme Court addressed this situation. The question you have raised can only be definitively answered through legislative or judicial clarification. Because no such clarification has been rendered, I cannot opine conclusively regarding this matter. I can, however, analyze the applicable statute using the interpretive guidelines that are available.
One such guideline is a recent opinion of the Arkansas Supreme Court in which the court analyzed A.C.A. § 14-51-301 in a different factual context. In Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266
(1997), the plaintiff's name had been certified as one of three eligible candidates for promotion to the rank of corporal within a city's police department. He was not promoted at that time, and was passed over for promotion two other times during the same year. The plaintiff argued that the one-year duration of eligibility lists under A.C.A. § 14-51-301
applies also to the names that are certified on those lists. Under this interpretation, the same names would have appeared each time a vacancy occurred during the one-year duration of the list, minus the name of the person who had already been promoted. This reading of the statute would result in there being only one name on the list when the third vacancy occurred. The court rejected this interpretation of the statute. Although the court was not addressing the question of whether the statute required the certification of three names even in situations where there were not three eligible candidates, the court nevertheless expressed discomfort with the notion of limiting the department head to a choice of one only. The court stated:
 Subsection (b)(6) makes it clear that when the names of the three standing highest are submitted, the department head is to choose one of the three. To limit the Police Chief to one name in making his selection would run counter to the express language of the statute. In fact, in 1987, the General Assembly deleted language in § 14-51-301(b)(6), requiring promotion of the one standing highest on the eligibility list. See Act 657 of 1987.
Burcham, 330 Ark. at 455.
The court opted instead for an interpretation of the statute that would require the certification of three names each time a vacancy occurred. In this regard, the court stated:
 To read the statute otherwise would eventually deprive department heads of any discretion in choosing the best candidate. This is clearly not what the General Assembly intended.
Burcham, 330 Ark. at 446.
Again, the court was not addressing the question of whether three names are required to be certified in situations where there are not three eligible candidates. However, the court's dicta is significant in that it recognizes a legislative intent that the department head be allowed some discretion in choosing the candidate who is given the promotion.
In light of this dicta, I do not interpret A.C.A. § 14-51-301 as requiring either that one name or that three names be certified in situations where only one candidate is eligible for promotion. (On the other hand, the statute does not prohibit the certification of one name only.) Rather, the intent of A.C.A. § 14-51-301 appears to be to allow the department head some discretion in making the decision as to promotions. For this reason, it would serve no purpose to interpret the statute as requiring that three names be certified even in situations where there are not three eligible candidates, because the department head would not have the discretion, under the local rules of eligibility, to choose an ineligible candidate. Such a reading of the statute would also be contrary to the Arkansas Supreme Court's rule of statutory interpretation under which statutes are not to be interpreted in a way that produces an absurd result. See, e.g., Citizens to Establisha Reform Party v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v.Fleet Mtg. Co., 319 Ark. 491, 892 S.W.2d 250 (1995). To require the certification of three names even where there are not three eligible candidates would be an absurd result.
In my opinion, A.C.A. § 14-51-301 does nothing more than require that three names be certified in situations where there are three or more eligible candidates for promotion. The purpose of that requirement is to allow the department head some discretion in making promotions. This intent should be observed in situations where there are fewer than three eligible candidates.
I reiterate that this issue cannot be resolved definitively until it has been either legislatively or judicially clarified.
Question 2 — If three names must be certified, what would be the properprocess to be used in situations where there is only one eligiblecandidate: Throw out a test which yielded less than three names? Hold thelist in abeyance until a second test can be held to provide morecandidates? Create two lists which provide at least three candidates? Orsome other method?
Because I have opined that the law does not require that three names be certified in situations where there are fewer than three eligible candidates, the issue of a procedure for doing so is moot.
Question 3 — In the event two lists would be acceptable, could the chiefchoose from either list, or would he be required to exhaust list No. 1prior to going to list No. 2?
It is my opinion that if a situation exists in which two legitimate lists of eligible candidates have been generated (such as was the situation inBurcham v. City of Van Buren, discussed previously in response to Question 1), the chief may choose from either list, and is not required to exhaust list No. 1 before going on to list No. 2. However, list No. 2 must include the names of those persons who appeared on the first list, but who were not promoted.[1]
This question appears to raise one of the precise issues that were before the court in Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266
(1997). As discussed above in response to Question 1, the Burcham court addressed a situation in which a vacancy occurred in one position three times during the course of one year. Each time a vacancy occurred for that position during that year, a new list of three names was generated. The plaintiff, whose name appeared on the first list, argued that the first list should have been exhausted before a new list of three names could be utilized. His argument was based upon the fact that A.C.A. §14-51-301 provides for a one-year duration of eligibility lists. More specifically, the statute states: "All lists for appointments or promotions as certified by the board shall be and remain in force and effect for the period of one (1) year from the date thereof." It goes on to state: "At the expiration of this period, all right of priority under the lists shall cease." A.C.A. § 14-51-301(b)(4)(B).
The court rejected the plaintiff's interpretation of A.C.A. § 14-51-301, finding that a requirement that the first list be exhausted would eventually place the department head in the position of having only one choice, which, the court held, was contrary to the intent of the statute. The court opted, rather, for an interpretation of the statute under which a new list of three names is generated each time a vacancy occurs in a position. The new list must include the names of the persons who appeared on the previous list, but who were not promoted. This reading of the statute, the court held, would have the effect of allowing the department head some discretion in making the promotion decision each time a vacancy occurred.
On the basis of the holding in Burcham, I conclude that in a situation where two lists of eligible candidates have been generated, the chief can choose from either list, and need not exhaust the first list before going on to the second. However, the second list must include the names of the persons who appeared on the first list, but who were not promoted.
Question 4 — Is the holding in Cross v. Bruce, 284 Ark. 230,681 S.W.2d 339 (1984), allowing multiple lists for the same position andallowing the promoting authority to pick from any of the lists, still goodlaw in light of the rewriting of the above-cited section in 1987 (Act 657of 1987)?
It is my opinion that although Cross v. Bruce was decided prior to certain amendments in the applicable statute, and although the court inBurcham questioned the precedential value of Cross and certain other cases, see Burcham, 330 Ark. at 455, the aspect of Cross that allowed multiple lists is still good law, in that it is completely consistent with the procedure that was approved in Burcham. The Cross court approved a procedure under which three lists were generated for the same position, each listing the names of the persons who appeared on the previous list, but who were not promoted. This was precisely the procedure that the court approved in Burcham. For this reason, I conclude that this aspect of Cross v. Bruce is still good law.
Question 5 — In light of the way this section was rewritten in 1987,after Orrell Abernathy v. Hot Springs, 265 Ark. 267, 578 S.W.2d 18(1979), is a chief compelled to fill an existing vacancy for which thecommission has tested upon certification of an eligibles list? If so,should the chief do so immediately upon receipt of an eligibles list ormay he wait, or even not do so at all, i.e., may he let the list expireif there is no one on it he wants?
It is my opinion, as explained more fully below, that dicta in the Arkansas Supreme Court's recent opinion in Burcham v. City of Van Buren,330 Ark. 451, 954 S.W.2d 266 (1997), as well as the language of A.C.A. §14-51-301 as it is currently stated, both appear to indicate that a chief is expected to fill existing vacancies for which the commission has tested. For this reason, it is my opinion further that the chief may not allow an eligibility list to expire without making any promotions from it. Nevertheless, it is my opinion that the chief is not required to fill vacancies immediately upon certification of an eligibility list.
The pertinent language of A.C.A. § 14-51-301 requires the board to enact rules and regulations, and requires that these rules and regulations provide for (among other items): "Certification to the department head of the three (3) standing highest on the eligibility list for appointment for that rank of service, and for the department head to select forappointment or promotion one (1) of the three (3) certified to him andnotify the commission thereof. . . ." A.C.A. § 14-51-301 (emphasis added). This quoted language appears to mandate that the board's rulesrequire that the department head choose one of the names that has been certified. This result also appears to have been the presumption of the Arkansas Supreme Court in Burcham v. City of Van Buren, 330 Ark. 451,954 S.W.2d 266 (1997), as well as in its earlier decisions. In Burcham, the court explicitly approved an interpretation of the statute under which it was presumed that one of the three certified names would be granted the available promotion. The court seemed to operate under the same presumption in its earlier decisions. See, e.g., Cross v. Bruce,284 Ark. 230, 681 S.W.2d 339 (1984); Orrell Abernathy v. Hot Springs,265 Ark. 267, 578 S.W.2d 18 (1979).[2]
You have specifically inquired about the impact upon this issue of the holding of Orrell Abernathy v. Hot Springs, 265 Ark. 267,578 S.W.2d 18 (1979), and the revisions that were made to A.C.A. § 14-51-301
[formerly A.S.A. § 19-1603] subsequent to the Orrell decision. It is my opinion that neither the holding of Orrell, nor the subsequent revisions to the statute impact this issue.
Orrell did not directly involve the issue of whether the department head is required to fill existing vacancies. The issue in that case was, rather, whether the appointing authority was required to fill the vacancy immediately upon certification of the eligibility list. The court held that the appointing authority was not required to do so.
The aspect of Orrell which was impacted by subsequent revisions to the statute was the court's acceptance of the proposition that the appointing authority was required to grant the available promotion to the person standing highest on the list of three certified names. This requirement was specifically stated in the statute. The statute was later revised so as to remove this requirement. See Acts 1987, No. 262. For this reason, the court, in Burcham, called into question the precedential value ofOrrell. See Burcham, 330 Ark. at 455.
For purposes of the issue you have raised, it is interesting to note that the Orrell court's dicta, like that in Burcham, appeared to indicate apresumption that the vacancy in question would be filled within the one-year duration of the list. That aspect of Orrell was not impacted by the subsequent revisions to the statute, and is entirely consistent with the court's current interpretation of the statute, as applied inBurcham. Accordingly, I conclude that the chief is expected to fill vacancies for which the commission has tested. It naturally follows from this conclusion that the chief may not allow the list to expire without making any appointments from it (unless, of course, the list that is allowed to expire is one that has been incorporated into a new list, as discussed in response to Question 3).
However, it is my opinion that the chief is not required to do so immediately upon certification of the eligible names. I base this conclusion (as did the Orrell court, see Orrell, 265 Ark. at 269) upon the fact that, under the statute, the eligibility list is valid for an entire year, thus indicating that the appointment may be made within that time period. This conclusion is also bolstered by the discretion given to the department head in making appointments, as recognized in Burcham.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Both lists, of course, must contain only candidates who are eligible under the local Commission's rules of eligibility. Therefore, two different lists clearly could not be generated in a situation where there is only one eligible candidate.
[2] Although the Arkansas Supreme Court, in Burcham, called into question the precedential value of Cross v. Bruce and Orrell Abernathyv. Hot Springs, I note that this aspect of those two cases (i.e., the presumption that one of the three certified names could be granted the available promotion) is consistent with the court's current interpretation of the statute, as expressed in Burcham.