Melissa STEPHENS *v.* STATE of Arkansas

CR 96-403 944 S.W.2d 836

Supreme Court of Arkansas
Opinion delivered May 19, 1997

*Office of the Public Defender*, by: *Theresa S. Nazario*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Melissa Stephens was convicted of filing a false report with a law enforcement agency. She challenges her conviction, raising the question whether our criminal statute prohibiting the filing of a false report with a law enforcement agency is violated when the false statement is made

by a person other than the one who actually called the police to report the crime. She asserts that the trial court erred when it denied her motion for directed verdict, in which she argued that the State had failed to prove that she "filed" the report. We find no error and affirm.

The facts surrounding her conviction are as follows. Appellant's boyfriend, Ron Mettetal, told her to ask her friend Sherry Taylor if she had given John Richards permission to take $600.00 from cash savings, which Sherry was holding in her apartment to buy equipment to treat her sick child. Appellant gave Sherry a detailed but fictitious account of how Richards told her that Sherry had given him permission to go into her apartment and take the money, that he said that he knew where the money was, and later that he asked appellant to go to Florida with him and fanned out six one-hundred dollar bills from his pocket.

Sherry and her boyfriend, Curt Ayers, went to the apartment and discovered that the amount of $600.00 was indeed missing. They called the police, and appellant came to Sherry's apartment and repeated the fictitious account to Officer Michael LeBlanc.

Later that evening appellant arranged a meeting with Richards at a parking lot, where Mettetal and Ayers forced him into the car. Appellant drove them to the police station, where they delivered Richards into the custody of the police. At the police station, appellant gave a statement to Detective Debra Crews maintaining that Richards had told her that Sherry gave him permission to borrow $600.00, and that the next day Richards had shown her six one-hundred dollar bills.

Richards, who was interviewed by another officer at the station, denied taking the money, but said that he would pay it back to prevent any hard feelings. He was arrested and charged, but was released pending trial.

Shortly before Richards's trial date, the State became concerned about discrepancies in the stories, and interviewed appellant again on a prosecutor's subpoena. Upon being confronted with these discrepancies, appellant admitted that her earlier account was false. She said that she told Sherry that Richards had

taken the $600 because Mettetal, who was listening to the phone conversation, had suggested that she say that. She admitted that there was no meeting with Richards where he fanned out six one-hundred dollar bills.

Arkansas Code Annotated § 5-54-122 (Repl. 1993) provides:

(a) For the purpose of this section, "report" means any communication, either written or oral, sworn or unsworn.

(b) A person commits the offense of filing a false report if he files a report with any law enforcement agency or prosecuting attorney's office of any alleged criminal wrongdoing on the part of another knowing that such report is false.

(c)(1) Filing a false report is a Class D felony if:

(A) The crime is a capital offense, Class Y felony, Class A felony, or Class B felony.

(B) The agency or the office to whom the report is made has expended in excess of five hundred dollars ($500) in order to investigate said report, including the costs of labor; or

(C) Physical injury results to any person as a result of the false report; or

(D) The false report is made in an effort by the person filing said false report to conceal his own criminal activity; or

(E) The false report results in another person being arrested.

(2) Otherwise, filing a false report is a Class A misdemeanor.

Under the facts of this case, making a false report would be a Class D felony because the amount of the alleged theft, $600, would constitute a Class B felony; the expenses incurred by the law enforcement offices exceeded $500; and the false report resulted in the arrest of another person.

 The thrust of appellant's argument is that the State did not prove that she "filed" a false report within the meaning of the statute because it was Sherry, and not appellant, who made the call to the police about the theft. When interpreting statutes, this court adheres to the basic rule of statutory construction that gives effect to the intent of the legislature, making use of common sense. *Sanders v. State*, 310 Ark. 630, 839 S.W.2d 518 (1992).

Here, appellant's statements to police were the sole links that connected Richards to the disappearance of the money. Further, not only did appellant contact Sherry and tell her Richards had the money and then repeat the story to Officer LeBlanc when he went to Sherry's apartment to investigate the incident; but she also brought Richards to the police station, where she again reported to police that he took the money. While the statute speaks of "filing a report," it very clearly does not require that this be a formal written document, but specifically includes in the definition "any communication, either written or oral, sworn or unsworn." Ark. Code Ann. § 5-54-122(a).

We conclude that appellant's false statements, made under these circumstances, were prohibited by both the spirit and the letter of the law regarding the filing of a false report. The trial court correctly denied her motion for directed verdict.

Affirmed.