Michael BURCHAM *v.* CITY OF VAN BUREN, Civil
Service Commission of the City of Van Buren, and Chief of
Police Mason Childers In His Official Capacity

97-410                                    954 S.W.2d 266

Supreme Court of Arkansas
Opinion delivered November 6, 1997

*Pryor, Barry, Smith, Karber & Alford, PLC,* by: *Gregory T. Karber,* for appellant.

*Steven G. Peer,* for appellees.

ROBERT L. BROWN, Justice. Appellant Michael Burcham, a patrolman in the Van Buren Police Department, was passed over for promotion to corporal during the one-year span from March 1995 and to March 1996. He filed a complaint against appellees City of Van Buren, the Civil Service Commission for the City (Commission), and Chief of Police Mason Childers and alleged that he was entitled to be promoted in 1995 and 1996 because he was on the three-person eligibility list for promotion certified by the Commission to the Police Chief for this period. He further alleged that he ranked second on the three-person eligibility list during this time frame and that three patrolmen other than himself were promoted to corporal. Burcham also asserted, as a separate

count, that the appellees failed to advertise the competitive examination for promotion to corporal in August 1996. The 1996 competitive examination determined the eligibility list for the next year which ultimately was the list used for promotions. He contended that state law requires publication in a local newspaper that the examination relating to promotions is to take place. Because of the Department's failure to advertise, he contended that he was foreclosed from taking the examination. Thus, he contended that the 1996 eligibility list should be declared invalid which presumably would invalidate all promotions made based on that eligibility list. Burcham prayed for back pay from the date he was not promoted, any other lost benefits, and attorneys fees, interest, and costs.

The appellees moved for summary judgment on both claims, and the trial court granted summary judgment. On appeal, Burcham urges that the trial court erred. We affirm.

## I. Eligibility List

Burcham's first point of appeal brings into play the civil service statute governing how police officers and firefighters are selected for promotion within their departments. *See* Ark. Code Ann. § 14-51-301 (Supp. 1995). That statute requires that cities adopt rules governing the departments and continues in pertinent part as follows:

(b) These rules shall provide for:

. . . .

(4)(A)(i) The creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination. However, for ranks in each department where there may not be openings during an annual period, the board may establish rules to create the eligibles list on an as-needed basis.

. . . .

(B)(i) All lists for appointments or promotions as certified by the board shall be and remain in force and effect for the period of one (1) year from date thereof.

. . . .

(6) Certification to the department head of the three (3) standing highest on the eligibility list for that rank of service, and for the department head to select for appointment or promotion one (1) of the three (3) certified to him and notify the commission thereof;

Ark. Code Ann. § 14-51-301(b)(4)(A)(i), (B)(i), (6) (Supp. 1995).

Burcham argues that it is a mathematical impossibility for three promotions to be made in one year without all three people who were originally named as the three standing highest being selected. He claims that the one-year duration for "lists" in § 14-51-301(b)(4)(B)(i) also applies to the certified names by the Commission of the three standing highest. Under his interpretation, the second time a position became available, only two names would be submitted, and the third time, only the third name would be submitted. This would assure that the third person would be selected for the position. As a consequence, he concludes that he should been selected for one of the three positions that became available between March of 1995 and March of 1996.

The appellees, on the other hand, read § 14-51-301 to require the Commission to adopt the following procedure. The Commission creates and maintains a list of eligible applicants for promotion for each rank of employment within the Department. The eligibility lists remain in effect for one year from the time the Commission certifies them. Each time a position becomes available within a Police Department, for example, the Commission certifies and submits to the Department head (here, the police chief) the three most qualified applicants based on their examination scores. This short list is referred to as the "three standing highest." The Police Chief then selects one of the three for promotion. If another position for promotion becomes available within that same year, the eligibility list is examined and the Commission certifies the names of the three standing highest at that time and submits those names to the Police Chief. This second time, the three names would include the two that were on the

previous list of three standing highest as well as one new name from the eligibility list based on examination scores. If a third position comes open in that year, the same procedure for selection from the names of the three standing highest is followed. We subscribe to the appellees' reading of the statute.

In support of his interpretation, Burcham cites this court to three cases. *Cross v. Bruce*, 284 Ark. 230, 681 S.W.2d 339 (1984); *Orrell & Abernathy v. City of Hot Springs*, 265 Ark. 267, 578 S.W.2d 18 (1979); *Smith v. Little Rock Civil Serv. Comm.*, 214 Ark. 765, 218 S.W.2d 366 (1949). Prior to 1987, the civil service statute contained language suggesting that promotion be afforded to the one standing highest on the eligibility list. Ark. Stat. Ann. § 19-1603 (1980). That language was amended in 1987 to provide that the department head would select for appointment or promotion from the certified list of the three standing highest. *See* Act 657 of 1987, now codified at Ark. Code Ann. § 14-51-301(b)(6) (Supp. 1995). These cases decided prior to the change in the statute have little or no precedential value.

In interpreting a statute, this court will give the words in the statute their ordinary meaning and common usage. *Rush v. State*, 324 Ark. 147, 919 S.W.2d. 933 (1996); *McCoy v. Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994). If the language of the statute is plain and unambiguous, the analysis need go no farther. *State v. Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994). It is clear from the structure of § 14-51-301 that the one-year requirement concerning the list certified by the Commission applies to the eligibility list *in toto* and not just to the names of the three standing highest which are certified by the Commission to the department head. We conclude that the statute states as much. But, in addition, the process for promotions would not work under Burcham's reading. Subsection (b)(6) makes it clear that when the names of the three standing highest are submitted, the department head is to *choose one of the three*. To limit the Police Chief to one name in making his selection would run counter to the express language of the statute. In fact, in 1987, the General Assembly deleted language in § 14-51-301(b)(6), requiring promotion of the one standing highest on the eligibility list. *See* Act 657 of 1987.

■ We hold that the appellees have correctly interpreted the statute. Each time a position becomes available within the Van Buren Police Department, the Commission is required to submit the names of the three applicants with the highest examination scores to the Police Chief. Because one of the three will be selected, it stands to reason that the next time a position becomes available the three names submitted will have changed. To read the statute otherwise would eventually deprive department heads of any discretion in choosing the best candidate. This is clearly not what the General Assembly intended.

## II. Advertisement for Promotions

Burcham next contends that the Commission violated Ark. Code Ann. § 14-51-301(b)(3)(A), by not advertising in the local paper the next promotional examination held on August 12, 1996, and, thus, the resulting eligibility list, and presumably all promotions, are invalid. The statute provides as follows:

(b) These rules shall provide for:

(1)(A) The qualifications of each applicant for *appointment* to any position on the police or fire department;

(B)(i) No person shall be eligible for *appointment* to any position on the fire department who has not arrived at the age of twenty-one (21) years;

(ii) No person shall be eligible for *appointment* on the police department affected by this chapter who has not arrived at the age of twenty-one (21) years;

(2) Open competitive examination to test the relative fitness of applicants for the positions;

(3)(A) Public advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in the city and by posting of notice at the city hall at least ten (10) days before the date of the examinations.

(3)(B) The examinations may be held on the first Monday in April or the first Monday in October, or both, and more often, if necessary, under such rules and regulations as may be prescribed by the board;

Ark. Code Ann. § 14-51-301(b)(1), (2), and (3) (Supp. 1995) (emphasis added).

City of Van Buren Ordinance No. 28 of 1995 specifies that newspaper notice of examinations will be done for appointments for police and firefighter positions, but the ordinance does not include advertisement for promotions within the ranks. In granting summary judgment in favor of the City, the trial judge found that the publication requirements as set out in subsection (b)(3)(A) only apply to appointments and not to promotions. We agree with this interpretation.

■ Burcham focuses on the words "all examinations" in § 14-51-301(b)(3), in arguing his case, but in doing so, he disregards the preceding subsections which refer only to applicants for appointment as opposed to applicants for promotion. In determining legislative intent, our rules for guidance have been often stated:

> In interpreting a statute and attempting to construe legislative intent, the appellate court looks to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate means that throw light on the subject. *McCoy, supra; Gritts v. State*, 315 Ark. 1, 864 S.W.2d 859 (1993).

*Henson v. Fleet Mortgage Co.*, 319 Ark. 491, 495, 892 S.W.2d 250, 252 (1995).

■ We conclude that the more reasonable interpretation in the instant case is to look to the context of the statute and to the fact that in subsections (b)(1)(A), (b)(1)(B)(i), and (b)(1)(B)(ii) of § 14-51-301, the sole focus is on appointments. The publication requirement then follows in subsection (b)(3)(B). Precise reference in the statute to advancement within the ranks or promotions is not made until subsection (b)(4)(A), which is after the publication requirement. At that point, the statute shifts its focus from appointments to requirements for promotions.

■ Moreover, the purpose of the statutory requirement for publication of examination dates is to ensure that all potential applicants are notified. If the only pool of potential applicants are

those already on the police force, it is entirely reasonable to post test dates on the troop bulletin board at the Department. There is little need to advertise to the public at large through a local newspaper when the purpose of the examination is only to decide promotion of current police officers to a higher rank. Indeed, it would be wasteful to do so. We will not give a statute an interpretation which is at odds with common sense. *Stephens v. State*, 328 Ark. 570, 944 S.W.2d 836 (1997); *Sanders v. State*, 310 Ark. 630, 839 S.W.2d 518 (1992).

Affirmed.