The Honorable Booker T. Clemons State Representative 3408 South Virginia Street Pine Bluff, AR 71601-7395
Dear Representative Clemons:
You have presented the following questions for my opinion:
 (1) Is there a law compelling the chief of police to fill all existing vacancies for which the commission has tested, upon certification of an eligibility list?
 (2) Is there a law compelling the chief of police to fill subsequent vacancies that may have been created after the date of certification from the current eligibility list, or should a new test be administered?
 (3) Is there a law compelling the chief of police to fill all existing vacancies before the expiration of the eligibility lest, even in situations where it is not feasible or warranted due to other circumstances?
You indicate that your questions arise out of a situation in which several vacancies occurred in the Pine Bluff Police Department. Accordingly, the Pine Bluff Civil Service Commission administered a test and established an eligibility list from which to fill the vacancies. From that list, some of the vacancies were filled. Some of the vacancies were not filled because of manpower constraints. Subsequently, additional vacancies have been created, but the Commission has not tested for these newly-created vacancies. The current eligibility list expires on May 2, 2002.
RESPONSE
Question 1 — Is there a law compelling the chief of police to fill all existing vacancies for which the commission has tested, upon certification of an eligibility list?
It is my opinion that no state law compels the chief of police to fill all existing vacancies during the one-year life of a particular eligibility list, or within any particular time frame.
As an initial matter, I must note that the Arkansas Supreme Court has not addressed this precise issue, and it can only be resolved definitively by the court, or by further clarification of the applicable statutes by the legislature. Pending such judicial or legislative clarification, I believe that my interpretation of the issue is consistent with the available precedent. I recognize that there is dicta in both an Arkansas Supreme Court case and in a previous Attorney General opinion that may appear to state a different conclusion. I will therefore explain why thatdicta does not apply to the issue you have raised.
The filling of vacancies in cities having civil service commissions is governed by the provisions of A.C.A. § 14-51-301. That statute authorizes the commission to establish procedures for testing, for the creation of eligibility lists on the basis of the test results, and for the filling of vacancies, within certain parameters stated in the statute. However, the statute does not state any requirement that vacancies for which there are eligible candidates be filled within a particular time period. Rather, it addresses the requirements for filling those vacancies whenthey are filled. In my opinion, the statute leaves open the question ofwhen vacancies must be filled. Indeed, the statute appears to recognize that such questions are best answered by those in charge of the day-to-day management of the department. This recognition is reflected in A.C.A. § 14-51-301(c), which states:
 (c) The commission shall adopt such rules not inconsistent with this chapter for necessary enforcement of this chapter, but shall not adopt any rule or rules which would authorize any interference with the day-to-day management or operation of a police or fire department.
A.C.A. § 14-51-301(c).
The Arkansas Supreme Court has interpreted the provisions of A.C.A. §14-51-301 to allow the chief of police considerable discretion in the filling of vacancies. In Burcham v. City of Van Buren, 330 Ark. 451,954 S.W.2d 266 (1997), for example, the court declined to interpret the statute in a way that would have resulted in limiting the police chief to one choice in making promotions. With regard to this issue, the court stated: "To read the statute otherwise would eventually deprive department heads of any discretion in choosing the best candidate. This is clearly not what the General Assembly intended." Id. at 456.
As indicated above, although the Arkansas Supreme Court has not addressed the issue of whether a police chief is required to fill vacancies within the life of an eligibility list, certain dicta in Burcham (the most recent case in which the court has interpreted A.C.A. § 14-51-301) can lead to the mis-impression that the law does impose such a requirement. In addition, certain language in Attorney General Opinion No. 98-145, issued by my predecessor, can also be mis-read in this way. For this reason, I must explain why I do not interpret the statute to impose arequirement that the police chief fill vacancies within the life of an eligibility list, and why Burcham and Opinion No. 98-145 should not be interpreted in that way.
The dicta in Burcham to which I refer is the court's statement that "[s]ubsection (b)(6) makes it clear that when the names of the three standing highest are submitted, the department head is to choose one of the three." Burcham, supra, at 455. In making this statement, the court was not addressing the issue of whether the police chief was required to fill vacancies within the life of an eligibility list. Rather, the court was addressing the issue of whether, in light of the one-year duration of eligibility lists, the police chief was required to promote the person standing highest on that list each time a vacancy occurred for which that person was eligible, even if subsequent lists had been generated. In other words, the issue was whether the chief was required to exhaust an eligibility list before choosing names on a new list. The plaintiff's suggestion that the chief should exhaust existing lists would have the result of reducing each such list over the course of the year, eventually leaving only one name on the list. The court rejected this interpretation of the statute, holding instead that the chief has the discretion to pass over the person standing highest on the first (unexpired) list, and to fill vacancies with others whose names had been placed on subsequent lists. The court also held that the chief is not required to fill vacancies immediately after the certification of the list.
When reading Burcham with your question in mind, it is important to remember that the court was not addressing a situation in which the police chief did not want to fill the vacancies that had occurred. On the contrary, the situation was one in which it was assumed that the vacancies in question would be filled within the year. Therefore, in stating that "the department head is to choose one of the three," theBurcham court was not addressing the issue of whether the chief had the discretion to choose not to fill the vacancies in question within the year. That issue was not even before the court. Rather, the court was addressing the procedure that should be followed in light of the fact that the chief would be filling the vacancies within the year. Therefore, the court's dicta in Burcham is simply inapposite to the issue you have raised.
The same can be said of the language in Attorney General Opinion No.98-145. The language in question is the statement that "a chief is expected to fill existing vacancies for which the commission has tested," and the statement that "the chief may not allow an eligibility list to expire without making any promotions from it." Op. Att'y Gen. No. 98-145
at 5 and 6. Again, Opinion No. 98-145 was not addressing the issue of whether the chief has discretion not to fill vacancies for which candidates are eligible within the life of the eligibility list. Rather, in making the quoted statements, that opinion was addressing the issue ofwhen vacancies must be filled during the life of an eligibility list in situations where it is assumed that those vacancies will be filled during the life of that list. Indeed, Opinion No. 98-145 specifically stated this limitation as follows: "For purposes of the issue you have raised, it is interesting to note that the Orrell court's dicta [Orrell Abernathey v. Hot Springs, 265 Ark. 267 (1979)], like that in Burcham,
appeared to indicate a presumption that the vacancy in question would be filled within the one-year duration of the list." Op. Att'y Gen. No.98-145 at 6. Accordingly, the language in Opinion No. 98-145, like the language in Burcham, is inapposite to the issue you have raised.
The overall holding of Burcham and the overriding view stated in Opinion No. 98-145 actually support an interpretation of A.C.A. § 14-51-301 under which the chief of police is given considerable discretion in filling vacancies. As indicated previously, the Burcham court rejected an interpretation of A.C.A. § 14-51-301 that would have limited the chief's discretion. Similarly, Opinion No. 98-145 stated: "[T]he [Burcham] court's dicta is significant in that it recognizes a legislative intent that the department head be allowed some discretion in choosing the candidate who is given the promotion. . . . The intent of A.C.A. §14-51-301 appears to be to allow the department head some discretion in making the decision as to promotions." Op. Att'y Gen. No. 98-145 at 3.
I agree with my predecessor's position that Burcham and A.C.A. §14-51-301 should be interpreted so as to allow the police chief wide discretion in making promotions. This discretion should include not only the latitude to choose names from a subsequent eligibility list that is generated prior to the expiration of an existing list, but should also include the latitude to determine that the interests of the department would best be served under certain circumstances by not filling a particular vacancy during the one-year life of a particular eligibility list. In this regard, I note that in Opinion No. 98-145, my predecessor (following Burcham) interpreted A.C.A. § 14-51-301 as not requiring the chief to fill vacancies immediately upon certification of the eligibility list. I agree with this interpretation, and find that it is entirely consistent to interpret the statute to permit the chief to allow an eligibility list to expire without filling vacancies, if the chief has determined in good faith that this course of action best serves the needs of the department. As reflected in A.C.A. § 14-51-301(c), quoted previously, the legislature recognized that day-to-day management decisions should remain outside the purview of the commission rules concerning promotions. Such decisions are best left within the discretion of the department head, who is in a better position to know the particular needs of the department. Accordingly, I interpret A.C.A. §14-51-301 not to require that the chief of police fill vacancies within the one-year duration of any particular eligibility list.
Question 2 — Is there a law compelling the chief of police to fill subsequent vacancies that may have been created after the date of certification from the current eligibility list, or should a new test be administered?
It is my opinion that if the current eligibility list does not contain the name of any candidate who has successfully tested for fitness for the positions that have become vacant since the generation of the list, the chief cannot fill such vacancies from the current list. As explained below, the chief can fill vacancies only from a list that reflects the names of individuals who have been tested for fitness for the vacant position or positions.
As indicated in response to Question 1, it is my opinion that no law compels the chief of police to fill vacancies within a particular time frame. However, if the chief has determined that certain vacancies are to be filled, he must comply with the requirements of A.C.A. § 14-51-301 and any applicable civil service commission rules in doing so. The provisions of A.C.A. § 14-51-301 indicate unequivocally that candidates cannot be promoted to fill vacancies unless they have passed the examination that establishes their fitness for those particular positions. The pertinent sections of the statute state:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 (3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this section.
(b) These rules shall provide for:
* * *
 (2)(A) Open competitive examinations to test the relative fitness of applicants for the positions.
* * *
 (4)(A)(i) The creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination.
A.C.A. § 14-51-301(a)(b)(2)(A) and (4)(A)(i) (emphasis added).
Under the plain language of the above-quoted portions of A.C.A. §14-51-301, an eligibility list for vacant positions cannot be created until the commission has administered a test to establish fitness for those positions (and until there have been candidates who have passed that test).
I must therefore conclude that if the current eligibility list does not include the name of any candidate who has successfully tested for fitness for the positions that have become vacant since the generation of the list, the chief of police cannot fill the vacancies from that list.
Question 3 — Is there a law compelling the Chief of Police to fill allexisting vacancies before the expiration of the eligibility lest, even insituations where it is not feasible or warranted due to othercircumstances?
No. See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General