The Honorable Booker T. Clemons State Representative 3408 S. Virginia Street Pine Bluff, AR 71601-7395
Dear Representative Clemons:
You have presented the following questions for my opinion:
 (1) Under Arkansas law, are individuals occupying the positions of Chief of Police and/or Fire Departments considered civil servants subject to A.C.A. § 14-51-301 if they rose through the ranks of the department to the position of Chief?
 (2) If the Chief position is subject to A.C.A. § 14-51-301, can a temporary appointment to that position exceed 60 days, pursuant to A.C.A. § 14-51-301(8)(b), if an emergency was not declared?
 (3) Is an interim Chief ineligible for examination for advancement to the Chief position if he did not serve at least one year in the lower rank and was terminated during his probation period pursuant to A.C.A. § 14-51-301(4)(A)(ii)?
 (4) Is it correct that in filling the Chief's position, the Civil Service Commission may exercise one of two options: appoint a permanent replacement from within the ranks, or test for the position and create an eligibility list?
 (5) Would it constitute an infringement on the Civil Service Commission's authority for the city council to pass an ordinance that would eliminate two current assistant chief positions, create four deputy chief positions, and designate that four current captains be promoted to the new deputy chief positions?
 (6) Would such an ordinance constitute a promotion for the four individuals in question, rather than a new title designation for an old position, thus usurping the Chief's authority?
You indicate that your questions pertain to the City of Pine Bluff, which is a city of the first class.
RESPONSE
Question 1 — Under Arkansas law, are individuals occupying the positionsof Chief of Police and/or Fire Departments considered civil servantssubject to A.C.A. § 14-51-301 if they rose through the ranks of thedepartment to the position of Chief?
Question 2 — If the Chief position is subject to A.C.A. § 14-51-301, cana temporary appointment to that position exceed 60 days, pursuant toA.C.A. § 14-51-301(8)(b), if an emergency was not declared?
Question 3 — Is an interim Chief ineligible for examination foradvancement to the Chief position if he did not serve at least one yearin the lower rank and was terminated during his probation period pursuantto A.C.A. § 14-51-301(4)(A)(ii)?
Question 4 — Is it correct that in filling the Chief's position, theCivil Service Commission may exercise one of two options: appoint apermanent replacement from within the ranks, or test for the position andcreate an eligibility list?
I am unable to answer Questions 1-4 in light of this office's long-standing policy against the issuance of opinions on questions that are the subject of pending judicial or quasi-judicial litigation. It has come to my attention that an issue that is central to each of these questions is the subject of currently pending administrative litigation. My policy of declining to address issues that are the subject of pending litigation is based primarily upon the separation of powers doctrine.See Ops. Att'y Gen. Nos. 2002-302; 99-389; 97-329; 97-105. Any opinion issued by my office would constitute executive comment on matters that are properly before a judicial or quasi-judicial body. Any answer to such questions must be provided in a judicial or quasi-judicial forum. Accordingly, I must not address these questions at this time.
Question 5 — Would it constitute an infringement on the Civil ServiceCommission's authority for the city council to pass an ordinance thatwould eliminate two current assistant chief positions, create four deputychief positions, and designate that four current captains be promoted tothe new deputy chief positions?
As an initial matter, I must point out that I cannot analyze any ordinance in the abstract without having reviewed the language of that ordinance. Moreover, the interpretation of local ordinances is a matter outside the domain of the Attorney General. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the legality of the specific ordinance that is the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court. Nevertheless, to the extent that you have raised an issue of state law, I will address your question.
Although state law does not explicitly address the issue you have raised, it is my opinion that the statutes that are applicable to police and fire departments indicate that to the extent that an ordinance creates new positions or re-designates the ranks of particular positions in the police department, that ordinance would not constitute an infringement on the civil service commission's authority. However, it is my opinion that if the ordinance places certain named individuals in newly created positions rather than simply re-naming the positions they already hold, such an ordinance constitutes an infringement upon the authority of the civil service commission and of the chief of police. This issue is discussed more fully in response to Question 6. I will limit my discussion here to the city council's authority to create positions and re-designate ranks within the police department. I find three statutes in particular that reflect a legislative intent to give the city council the authority to designate the ranks of the positions in the police department.
First, city councils are granted the authority to establish and organize police departments. That authority is stated in A.C.A. § 14-52-101, as follows:
 The city council shall have power to establish a city police department, to organize it under the general superintendence of the mayor, and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations.
A.C.A. § 14-52-101.
Second, city councils are granted the explicit authority to determine the number of police department employees. This authority is stated in A.C.A. § 14-52-201, as follows:
 The city council in cities of the first class shall, by general ordinance, direct the number of subordinate police officers to be appointed.
A.C.A. § 14-52-201.
Finally, city councils are further empowered to determine the salaries to be drawn by each rank within the department:
 The city council or board shall from time to time fix the number of employees and the salaries to be drawn by each rank in the fire and police departments of their respective cities.
A.C.A. § 14-51-304.
The foregoing statutes, in my opinion, all indicate a legislative intent that the city council, rather than the civil service commission, determine the number of police officers, designate the ranks of those positions, and prescribe the salaries of those ranks. I find particularly convincing the grant of authority to the city council to "organize" the department and to "prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations." A.C.A. § 14-52-101. These are responsibilities that the city council can most effectively carry out if it has the power to designate the ranks within the department. I also find particularly significant the fact that A.C.A. § 14-51-304 (the last statute quoted above) was originally enacted as part of the act that first granted cities the power to create the civil service commissions,see Acts 1933, No. 28, and that it is codified in the chapter of the code that governs municipal civil service systems for police and fire departments. A.C.A. § 14-51-101 through -311. This fact seems to indicate that the legislature intended to grant the city council the authority to maintain ultimate control over the organization of the department, while at the same time granting the civil service commission some specified responsibilities in filling the positions in the department.
My conclusion regarding this matter is bolstered by the language of the statutes that address the powers of the civil service commission. These statutes grant only limited authority to the commission. First, A.C.A. §14-51-212 states:
 (a) The powers and duties of every civil service commission established pursuant to this chapter shall be and are hereby expressly limited such that the said commissions shall not have any control nor shall said commissions attempt to exercise any control over the normal and routine day-to-day operations of a police or fire department, directly or indirectly.
 (b) No provision of this chapter shall be construed to provide authorization to said commissions to have such authority.
A.C.A. § 14-51-212.
Although it is not entirely clear how the phrase "day-to-day operations" should be interpreted,[1] the statute nonetheless makes clear that it is granting only limited authority to the commission. This conclusion is further reflected in the statute describing the commission's duties, which states in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
A.C.A. § 14-51-301(a)(1).
The above-quoted statement of the commission's responsibilities indicates that the commission is limited to prescribing rules and regulations for the department in whatever configuration the department already exists, as directed by the city council. Indeed, in describing the particular topics that the rules are to deal with, see A.C.A. § 14-51-301(b), the statute only addresses already-existing positions and ranks. Nothing in the statute indicates that the commission is to have the authority to create positions or designate ranks.
For all of the above reasons, I conclude that the city council, rather than the civil service commission, has the authority to determine the number of officers in the police department and to designate the ranks of those positions. Accordingly, an ordinance purporting to change such designations does not, in my opinion, constitute an infringement upon the commission's authority.
Question 6 — Would such an ordinance constitute a promotion for the fourindividuals in question, rather than a new title designation for an oldposition, thus usurping the Chief's authority?
I must reiterate that I cannot opine as to the legality of any particular local ordinance. I also reiterate that I have not been provided with a copy of the ordinance about which you have inquired, and therefore cannot draw any conclusions as to its effect. In answering this question, I am not addressing the legality of that ordinance; rather, I am addressing the legality under state law of a hypothetical ordinance that designates certain individuals to fill certain newly-created positions within the police department.
It is my opinion that the question of whether an ordinance that designates certain individuals to fill certain newly-created positions constitutes an infringement on the authority of the civil service commission and of the chief of police will depend upon whether the ordinance simply re-names the positions already held by those individuals, or whether it actually creates new positions in which it places the named individuals. These are questions of fact. All of the circumstances of the situation must be considered in determining the effect of the ordinance. Among the pertinent factors will be such matters as whether the positions held by all persons holding the rank of the designated individuals are re-named, and whether the positions held by the designated individuals are left vacant and will be filled after they take the newly-designated positions.
If all the facts and circumstances of the situation indicate that the ordinance does create new positions rather than simply re-naming previous positions, it is my opinion that the ordinance would constitute an infringement upon the authority of the civil service commission and the chief of police. Under the provisions of A.C.A. § 14-51-301, the civil service commission has the authority to determine, through an examination process, the qualifications of applicants for vacant positions, and to certify the most qualified to the chief, who, in turn, has the authority to make the final hiring decision. See Op. Att'y Gen. No. 99-055, citingBurcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997). Any ordinance that would bypass these procedures by the civil service commission and the chief of police would, in my opinion, be contrary to the state laws that give the commission and the chief this authority.
If, on the other hand, the facts and circumstances indicate that the ordinance simply re-names the positions already held by the named individuals, the ordinance does not, in my opinion, infringe upon any authority of the civil service commission. As discussed in response to Question 5, the city council has the authority to organize the department and designate the ranks of the positions in the department.
Once again I reiterate that the question of whether an ordinance does unlawfully place designated individuals in newly-created positions rather than simply re-naming the positions they already hold is a question of fact that I cannot determine.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] For a discussion of the issue of what constitutes "day-to-day operations" of the department, see Op. Att'y Gen. No. 2002-206.