The Honorable Booker T. Clemons State Representative 3408 S. Virginia St. Pine Bluff, AR 71601-7395
Dear Representative Clemons:
You have presented certain follow-up questions to Attorney General Opinion No. 2002-306, issued by my predecessor.
More specifically, my predecessor stated in Opinion No. 2002-306, in response to questions concerning a certain local ordinance, that he could not opine definitively without having reviewed the specific language of the ordinance in question. He also noted the Attorney General's lack of authority to discover underlying factual information that may be necessary in order to construe local ordinances. However, he did set forth the legal principles that should guide an interpretation of the ordinance.
You have now provided a copy of the ordinance in question (Pine Bluff City Council Ordinance No. 6036)[1] and have asked that I respond specifically to the pertinent questions that were presented in Opinion No. 2002-306 concerning that ordinance. Those questions were:
 (1) Would it constitute an infringement on the Civil Service Commission's authority for the city council to pass an ordinance that would eliminate two current assistant chief positions, create four deputy chief positions, and designate that four current captains be promoted to the new deputy chief positions?
 (2) Would such an ordinance constitute a promotion for the four individuals in question, rather than a new title designation for an old position, thus usurping the Chief's authority?
RESPONSE
I cannot opine definitively in response to these questions, even having been provided with a copy of Ordinance No. 6036, because I am limited to reviewing the face of this document, and the information that would be necessary to answer these questions is not apparent on the face of the document.
I reiterate the following statement, made by my predecessor in Opinion No. 2002-306, concerning the Attorney General's lack of authority to construe local legislation:
 [T]he interpretation of local ordinances is a matter outside the domain of the Attorney General. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the legality of the specific ordinance that is the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court.
Op. Att'y Gen. No. 2002-306 at 3.
I agree with my predecessor's assessment of the Attorney General's lack of authority to construe local legislation. Although in some instances a city council's intent may be apparent from the face of an ordinance, this is not the case with Ordinance No. 6036. Substantial and significant background information and underlying facts would be crucial to an adequate interpretation of the language of Ordinance No. 6036. This type of information is not apparent from the face of the document. Because I do not have the authority as a finder of fact to discover such information, and because I am limited to reviewing the face of the document, I am unable to answer these questions.
As explained in the theoretical discussion of these issues in Attorney General Opinion No. 2002-306, the city council has the authority to determine the number of police officers in the city police department, designate the ranks within the city police department, and prescribe the salaries of those ranks. See A.C.A. §§ 14-52-101; 14-52-201; 14-51-304. The city's Civil Service Commission has the authority to determine the qualifications of applicants for vacant positions, see A.C.A. §14-51-301, and to certify the most qualified to the chief of police, who has the authority to make final hiring decisions. See Ops. Att'y Gen. Nos. 2002-306; 99-055; Burcham v. City of Van Buren, 330 Ark. 451,954 S.W.2d 266 (1997).
Opinion No. 2002-306 concluded that the question of whether the city council had exceeded its authority would turn largely on whether the city council intended to create new positions and direct that certain individuals be placed in those positions, or whether the city council simply intended to re-name positions previously held by the affected individuals. The city council's intent with regard to these issues is not apparent on the face of Ordinance 6036. The ordinance, by its strict language, appears to do nothing more than amend a previous ordinance so as to re-designate the names of the ranks within the police department. Among the designated ranks is the rank of "deputy chief of police." Ordinance No. 6036 does not direct that certain individuals be placed in any of the designated ranks. However, the emergency clause of the Ordinance appears to assume that certain "captains" "are to become deputy chiefs of police." The language of the emergency clause also appears to reflect an understanding that the duties and responsibilities of the newly-designated deputy chief positions are to be different than the duties of the eliminated ranks.[2]
It is not clear whether the city council intended to create new ranks that are to have new and different duties and responsibilities, or whether it intended simply to re-name previously existing ranks. It is also not clear whether the city council intended to direct that certain individuals be placed in the newly-designated ranks, or whether certain individuals who held previously existing ranks were simply affected by the re-naming of their ranks.
As explained in Opinion No. 2002-306, if the facts should ultimately indicate that the city council intended to create new ranks with new and different duties and responsibilities, it did not have the authority to direct that certain individuals be placed in those positions. However, if the city council intended simply to re-name previously existing ranks, with no changes in duties and responsibilities, it was reasonable to assume that the individuals previously holding those re-named ranks would continue to hold the ranks after they were re-named.
These are questions that only an authorized finder of fact (such as a court), working with the interested parties, can ultimately answer.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] You have also provided a copy of Resolution No. 2464, which is related to Ordinance No. 6036. The Resolution, on its face, is innocuous, in that it does nothing more than request that the Civil Service Commission take certain action.
[2] The emergency clause states in pertinent part: "As the captains who are to become deputy chiefs of police have already assumed increased responsibilities involving that position. . . ." Pine Bluff City Council Ordinance No. 6036, § 2.