The Honorable Robbie Wills State Representative Post Office Box 306 Conway, AR 72033-0306
Dear Representative Wills:
I am writing in response to your request on behalf of the Conway Civil Service Commission for an opinion concerning a proposed civil service rule that addresses "reinstatement" of a former civil service employee to fill a vacancy in the police or fire department. You have provided a copy of the proposed rule, which states in relevant part as follows under the sub-heading "Eligibility for Reinstatement:"
 An employee who resigns in good standing is eligible to apply for reinstatement to the same or a similar position from which he resigned, provided that the application for reinstatement must be made within one (1) year of the date of resignation. Eligible employees seeking reinstatement within one (1) year shall not be required to compete in the selection process for their former position, but must complete a post-offer of reinstatement physical examination including drug screen and . . . a psychological examination. . . .
Your specific questions are as follows:
 1. Are such rules and regulations providing for reinstatement to a vacancy for "the same or similar position from which he resigned" where the former employee does not have to "compete" for the position consistent with the general statutory requirements for "open competitive examinations" pursuant to A.C.A. § 14-51-301?
 2. Theoretically, if a department sought to fill a vacancy, and there existed an "eligible list" which did not include a "former employee" and the former employee sought "reinstatement" without testing, would this create a conflict between a former employee seeking the position under such a reinstatement rule and those "standing highest" on an eligible list seeking the same position?
RESPONSE
The answers to these questions are "yes" and "no," respectively, in my opinion. The rule is consistent, or more precisely not inconsistent, with the "open competitive examinations" requirements because "reinstatement" pursuant to A.C.A. §14-51-301 is distinct, in my opinion, from "promotion or appointment" to which open examination applies. There would be no conflict between the former employee and those standing highest on the eligible list because the eligible list does not apply to a vacant position filled through reinstatement.
Question 1 — Are such rules and regulations providing forreinstatement to a vacancy for "the same or similar position fromwhich he resigned" where the former employee does not have to"compete" for the position consistent with the general statutoryrequirements for "open competitive examinations" pursuant toA.C.A. § 14-51-301?
The "open competitive examinations" requirements are established under A.C.A. § 14-51-301 as follows:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 * * *
 (b) These rules shall provide for:
 * * *
 (2)(A) Open competitive examinations to test the relative fitness of applicants for the positions.
 * * *
 (9)(A)(i) Establishing eligibility lists for promotion based upon open, competitive examinations.
A.C.A. § 14-51-301 (Supp. 2005) (emphasis added).
The examination results form the basis for "eligibility lists," as indicated by subsection 14-51-301(b)(9)(A)(i) above. Seealso A.C.A. § 14-51-301(b)(4)(A)(i) (Supp. 2005) (requiring "[t]he creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination.") Section 14-51-301 further requires with regard to these "eligibles lists" that the civil service rules shall provide for:
 Certification to the department head of the three (3) standing highest on the eligibility list for appointment for that rank of service, and for the department head to select for appointment or promotion one (1) of the three (3) certified to him or her and notify the commission thereof[.]
A.C.A. § 14-51-301(B)(6) (Supp. 2005) (emphasis added).
I believe it is clear from the foregoing that the "open competitive examinations" are conducted for the purpose of creating a list or lists of eligible candidates from which "appointments or promotions" are to be made. See A.C.A. §14-51-301(b)(4)(B)(i) (Supp. 2005) (addressing the effective period of a list, stating that "[u]nless the board designates a longer effective period for eligible lists that is not less than one (1) year, nor more than two (2) years, all lists forappointments or promotions as certified by the board shall be effective for the period of one (1) year." (Emphasis added.)). The significance of this observation for purposes of your question concerning "reinstatement" lies in the fact that "appointment' and "promotion" under A.C.A. § 14-51-301 appear to be distinct from "reinstatement" as addressed by the statute. "Reinstatement" is specifically mentioned only once in section14-51-301. Subsection 14-51-301(b)(5) states that the civil service rules shall provide for:
 (A) The rejection of candidates as eligibles who fail to comply with reasonable requirements of the board in regard to age, sex, physical condition, or who have been guilty of a felony, or who have attempted fraud or deception in connection with the examination.
 (B)(i) All applicants for appointment and all applicants for reinstatement shall undergo a suitable physical examination.
 (ii)(a) The examination shall be conducted in the manner and form as provided by law.
 (b) If no provision has been made by existing law for such examination, then the board may adopt proper rules and regulations to carry this subdivision (b)(5) into effect[.]
A.C.A. § 14-51-301(b)(5) (Supp. 2005) (emphasis added).
It is well established that in determining legislative intent, each section of a statute must be construed with reference to the statute as a whole. See e.g., Flowers v. Norman Oaks Const.Co., 341 Ark. 474, 17 S.W.3d 472 (2000); Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958). The statute should also be construed so that no word is left void, superfluous, or insignificant. Locke v. Cook, 245 Ark. 787, 434 S.W.2d 598
(1968). Applying these principles of statutory construction to the above subsection 14-51-301(b)(5) in my opinion leads to the conclusion that "reinstatement" is distinct from "appointment" and "promotion," which together comprise the primary focus of A.C.A. § 14-51-301. The statute treats "appointment" and "promotion" similarly in many respects, most importantly in establishing the "open competitive examinations" requirement for applicants for appointment and promotion, and in requiring the selection of such candidates from an "eligibility list," as discussed above. On the other hand, the only apparent statutory requirement for "applicants for reinstatement" is that they "undergo a suitable physical examination."[1]
I find support, moreover, for this reading of the statute inBurcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266
(1997), a case involving, inter alia, subsection14-51-301(b)(3) which requires, under subparagraph (b)(3)(A), "[p]ublic advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in the city. . . ." The Arkansas Supreme Court in Burcham addressed the contention that the city failed to advertise a competitive examination for promotion pursuant to subsection 14-51-301(b)(3). The court rejected the argument, holding that this subsection applies only to appointments, and not to promotions, reasoning as follows:
 Burcham focuses on the words "all examinations" in § 14-51-301(b)(3), in arguing his case, but in doing so, he disregards the preceding subsections which refer only to applicants for appointment as opposed to applicants for promotion. In determining legislative intent, our rules for guidance have been often stated:
 In interpreting a statute and attempting to construe legislative intent, the appellate court looks to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate means that throw light on the subject. [Citations omitted.]
 Henson v. Fleet Mortgage Co., 319 Ark. 491, 495, 892 S.W.2d 250, 252 (1995).
 We conclude that the more reasonable interpretation in the instant case is to look to the context of the statute and to the fact that in subsections (b)(1)(A), (b)(1)(B)(i), and (b)(1)(B)(ii) of § 14-51-301, the sole focus is on appointments. The publication requirement then follows in subsection (b)(3)(B). Precise reference in the statute to advancement within the ranks or promotions is not made until subsection (b)(4)(A), which is after the publication requirement. At that point, the statute shifts its focus from appointments to requirements for promotions.
330 Ark. at 457.
The court's approach to the statute is instructive. It looked to the structuring of the statute and it noted the distinct references to "appointments" and "promotions." Ultimately, the court was unwilling to attribute the publication requirement to "promotions" due to the "sole focus" on appointments in the subsections preceding the publication requirement, and the absence of any "precise reference" to promotions until the subsequent shift from appointments to promotions. This emphasis upon the "context of the statute," and more particularly its structure and precise wording, reinforces my conclusion that competitive exams are not required in connection with "reinstatement," which is distinct from both "appointments" and "promotions." In response to your specific question, therefore, I conclude that the rule you have presented for my review is generally consistent with the "open competitive examinations" requirements under A.C.A. § 14-51-301, notwithstanding the fact that under the rule an applicant for reinstatement is not required to compete in the selection process for his or her former position.[2] A civil service commission is authorized to adopt rules necessary for the enforcement of the state civil service system law, as long as the rules are "not inconsistent with" that body of law. A.C.A. § 14-51-301(d) (Supp. 2005).[3] I find no inconsistency between the rule in question and the civil service laws arising from the rule's provision for reinstatement.
Question 2 — Theoretically, if a department sought to fill avacancy, and there existed an "eligible list" which did notinclude a "former employee" and the former employee sought"reinstatement" without testing, would this create a conflictbetween a former employee seeking the position under such areinstatement rule and those "standing highest" on an eligiblelist seeking the same position?
In my opinion, the answer to this question is "no" because, as discussed above, the rule properly distinguishes between the reinstatement of a former employee to his or her former position and appointment or promotion from an eligible list. The eligible list does not apply, in my opinion, to a vacant position that is filled through reinstatement.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] There is no existing provision of law addressing the examination required by 14-51-301(b)(5). Accordingly, the proposed rule in this respect is properly adopted, in my opinion, pursuant to A.C.A. § 14-51-301(b)(5)(B)(ii)(b), supra.
[2] Because your question refers only to the civil service statutes and the possibility of a conflict between the competitive examination requirements under those statutes and the proposed rule on reinstatement, I have not addressed issues of liability for employment decisions that might arise under other sources of law.
[3] The requirement that civil service rules adopted pursuant to A.C.A. § 14-51-301 must be consistent with the state law governing civil service echoes the general state law that includes "civil service systems" among those matters that have been designated as "state affairs," as distinguished from "municipal affairs." A.C.A. § 14-43-601(a)(1)(F) (Repl. 1998). Unlike "municipal affairs," "state affairs" do not fall under a city's general control. See A.C.A. § 14-42-602 (Repl. 1998) (vesting cities with "full legislative power . . . pertaining to [their] municipal affairs. . . ." (Emphasis added)). Municipalities may only exercise local legislative authority over "state affairs" if not in conflict with state law. A.C.A. §14-43-601(a)2). See, e.g., City of Fort Smith v. Fort SmithHousing Authority, 256 Ark. 254, 506 S.W.2d 534 (1974) (housing authority is not a municipal affair and city council cannot substitute its own method of filling vacancies which occur on the board).