The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, AR 72556-0488
Dear Senator Miller:
I am writing in response to your request for an opinion on behalf of the city of Horseshoe Bend on the following:
On March 19th the City Council will be making appointments for the new year and we have been approached by a citizen to be a member of a Commission and he does not live within their boundaries.
The City of Horseshoe Bend has three different municipal improvement districts. One is the Municipal Recreational Improvement District that encompasses the entire City. The second is the Crown Street Improvement District that covers only properties lying within the boundaries of the Crown Addition subdivision. The third is the Municipal Street Improvement District that covers approximately 90% of the rest of the city that is not in the Crown Street Improvement District.
Arkansas Code 14-88-301(a)(1) states: "In the Ordinance creating a municipal improvement district, the city or town council shall appoint three (3) owners of real property therein as commissioners, who shall compose a board of improvement for the district."
Question: What is the strict interpretation of this statute? Do those three (3) owners of real property have to live in the District or is the only qualification that they own property in the district?
RESPONSE
In my opinion, under the plain and ordinary language of A.C.A. §14-88-301 (Supp. 2005), the only statutory requirement for serving as a commissioner on a board of improvement for a municipal improvement district is that the individual own property within the district. The statute does not require actual residency within the district.
Because you have specifically referenced A.C.A. § 14-88-301 in your request, I assume that statute controls this issue and will not address other methods of organizing a municipal improvement district under Arkansas law. Arkansas Code Annotated § 14-88-301 states in pertinent part:
(a)(1)(A)(i) In the ordinance creating a municipal improvement district, the city or town council shall appoint three (3) owners of real property therein as commissioners, who shall compose a board of improvement for the district.
* * *
(a)(1)(B)(iv)(a) Before the end of a commissioner's term, the city council shall appoint an owner of real property in the district as a new commissioner.
The Arkansas Supreme Court has stated with regard to statutory interpretation, as follows:
The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden,353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen. 2005-072 2004-339.
The court has also held that "it does not engage in interpretations that defy common sense and produce absurd results," and that "in construing statutes . . . we look to the language under discussion in the context of the statute as a whole." Green v. Mills, 339 Ark. 200,205, 4 S.W.3d (1999) (citing Haase v. Starnes, 323 Ark. 262,915 S.W.2d 675 (1996)); Steward v. McDonald, 330 Ark. 837, 958 S.W.2d 297 (1997); and Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997).
In my opinion, the language of A.C.A. § 14-88-301 is plain and unambiguous. A court will look to the ordinary meaning of the phrase "owner of real property" to determine that ownership of real property situated within the improvement district is required. In my opinion, the phrase "owner of real property" does not imply residency by its plain and ordinary language.
Assistant Attorney General Joel Dipippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General